Filed 10/26/21  P. v. Provost CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>BRIAN ANTHONY PROVOST,<br><br>    Defendant and Appellant. | G059248<br><br>(Super. Ct. No. 17WF0720)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Michael J. Cassidy, Judge.  Affirmed in part, reversed in part and remanded with directions.

Gene D. Vorobyov, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Kathy S. Pomerantz, Deputy Attorneys General, for Plaintiff and Respondent.

This appeal involves a straightforward application of Penal Code section 654.[1] The parties agree that because four of the offenses of which appellant was convicted arose from a single criminal act – his unlawful possession of a firearm – he should have been punished for only one of those offenses, not all four. The abstract of judgment is also incorrect, and the trial court did not resolve a key factual issue relating to appellant's presentence credits. Therefore, we reverse certain aspects of appellant's sentence and remand with directions but in all other respects, we affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

A detailed statement of facts is set forth in our prior opinion in *People v. Provost* (Mar. 4, 2020, G056297) [nonpub. opn.].)[2] Suffice it to say, when the police arrested appellant as part of an undercover drug sting, they found heroin, methamphetamine and a loaded handgun in his vehicle.

Following a jury trial, appellant was convicted of 10 crimes. As relevant here, in counts four through seven, the jury found appellant guilty of possessing a firearm after having previously been convicted of a violent offense, possessing a firearm in a vehicle by a felon, possessing a firearm by a felon, and possessing heroin while armed with a loaded firearm. (§§ 29900, 25400, 29800; Health and Saf. Code, § 11370.1.) It is undisputed all four of those counts stemmed from appellant's single act of unlawfully possessing a firearm in his car. As a third-strike offender, appellant was sentenced to 33 years to life in prison. The trial court granted him 377 days of presentence custody credit, but it did not award him any presentence conduct credit.

On appeal, we affirmed appellant's convictions but remanded the matter for resentencing with directions for the trial court to confirm the period of appellant's actual

---

[1] Unless noted otherwise, all further statutory references are to the Penal Code.

[2] At respondent's request, we take judicial notice of the appellate record in that case. (Evid. Code, §§ 452, subd. (d), 459.)

presentence custody and award him presentence credits as appropriate. (*People v. Provost, supra,* G056297, at pp. 15-16.)

On remand, the trial court sentenced appellant to 25 years to life, plus 7 years and 4 months. That sentence included a 6-year term on count 7, plus concurrent 4-year sentences on counts 4 through 6. The court also awarded appellant 403 days of custody credit and 403 days of conduct credit, for a total of 806 days of presentence credit. This appeal followed.

DISCUSSION

*Section 654*

Appellant contends the trial court violated section 654 by imposing sentence on counts four through six because they were based on the same act that formed the basis for his conviction on count seven. As respondent concedes, the claim is well taken.

Under section 654, "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision." (§ 654, subd. (a).) This prohibition applies even if the defendant harbored multiple objectives for his crimes. (*People v. Mesa* (2012) 54 Cal.4th 191, 199.) While the presence of multiple objectives may justify multiple punishment when the defendant's crimes involve multiple acts, that is not the case when the defendant's crimes are based upon a single act or omission. (*Ibid.*)

Here, appellant was convicted of four separate crimes in counts four through seven based on the lone act of unlawfully possessing a single firearm in his car. Since count seven carries the longest term of imprisonment, the trial court should have imposed sentence on that count alone and stayed sentence on the remaining three counts. (§ 654, subd. (a); *People v. Jones* (2012) 54 Cal.4th 350, 357 [section 654 bars multiple punishment for multiple offenses based on the unlawful possession of a single firearm];

3

*People v. Washington* (2021) 61 Cal.App.5th 776, 777-780 [same].) We will therefore reverse appellant's sentences on counts four through six and remand with directions to stay sentence on those counts.

*Presentence Credits*

As noted above, the trial court did not award appellant any presentence conduct credits at his original sentencing hearing. On appeal, respondent conceded this was error, and we agreed. However, because the record was unclear as to when appellant was taken into custody, we remanded for the trial court to determine the period of appellant's actual custody and award him appropriate custody and conduct credits based on that determination.

On remand, the trial court did not comply with this order. Instead, the court calculated appellant's presentence credits based on the date he was transported to prison. This was error. The court also failed to recognize appellant was entitled to presentence custody credit from the time he was taken into custody until the time of his resentencing hearing. (See *People v. Buckhalter* (2001) 26 Cal.4th 20, 29 [although a defendant cannot receive presentence *conduct* credit once he has started serving his prison sentence, "when a prison term already in progress is modified as a result of an appellate sentence remand, the sentencing court must recalculate and credit against the modified sentence *all actual time* the defendant has already served, whether in jail or prison"].) Accordingly, we reverse the trial court's credit award and direct the court to recalculate appellant's presentence credits.

*Abstract of Judgment*

Lastly, the parties agree that while the trial court stayed sentence on count 11 pursuant to section 654, the abstract of judgment does not reflect that stay. As the trial court's oral pronouncement of judgment controls over the abstract (*People v. Mitchell* (2001) 26 Cal.4th 181, 185), we direct the trial court to correct this clerical oversight.

DISPOSITION

Appellant's sentence on counts four through six is reversed, as is his presentence credit award, and the matter is remanded for further proceedings. On remand, the trial court shall: 1) Stay execution of sentence on counts four through six per section 654; 2) ascertain the date appellant was arrested and calculate his presentence custody and conduct credits accordingly; 3) amend the abstract of judgment to reflect appellant's sentence on count 11 was stayed pursuant to section 654; and 4) forward a corrected abstract of judgment to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.


BEDSWORTH, J.

WE CONCUR:


O'LEARY, P. J.


ZELON, J.*


*Retired Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.